## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE:** | ) **Bankruptcy No.** 21-21712-CMB |
| Eustace O. Uku, | ) |
| **Debtor,** | ) **Chapter** 13 |
| Shelley Fant Uku, aka Shelley Fant, | ) |
| **Movant,** | ) **Related Document No.** 65-67 |
| **vs.** | ) **Hearing Date:** 10/13/21 @ 2:30 p.m. |
| Eustace O. Uku and | ) **Response Due:** 10/04/21 |
| Ronda J. Winnecour. | ) |
| **Respondents.** | ) **Document No.** |


### RESPONSE TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND WAIVER OF THE THIRTY DAY DEADLINE IMPOSED BY 11 U.S.C. §362 (e)

**AND NOW,** comes the Debtor, Eustace O. Uku, by and through his attorneys, Calaiaro Valencik and Donald R. Calaiaro, and presents the following:

1.     Admitted.

2.     Admitted.

3.     Admitted.

4.     Admitted.

5.     Admitted.

6.     Admitted the automatic stay is in place since July 29, 2021. The Debtor's motion to extend the stay is still pending.

7.     Denied as stated. Paragraph 7 asserts a legal conclusion that this debt is marital debt. The Movant's claim that debt on her individual income tax return(s) is a "marital obligation"[1]. The Debtor denies that conclusion. These federal tax liens are strictly the liability of the Movant. The oldest one maybe beyond the statute of limitations

---

[1]  It is indisputable that the Debtor and Shelly Fant filed separate 1040 returns for the years in question. The Movant is being prosecuted by the United States for tax fraud for failure to pay withholding and income taxes for subsequent years

and may not be collectible.

8.      Denied this is "marital debt". The Debtor is not able admit or deny the amount of the debt and whether it is collectible. This information is in the control of the Movant.

9.      The Movant's argument that the PA divorce code mechanically apportions this as "marital debt" is denied. The Debtor declared his income and paid his taxes.

10.     (Number 14 in Movant's motion) Admitted in part and denied in part. The Debtor's Chapter 13 Plan does contemplate sales of real estate. Movant's characterization of "significant equity" is denied.

11.     (Number 10 in Movant's motion) Denied. As stated previously the tax lien filed in 2011 was not revived, is stale an unenforceable. The second filed in 2016 is strictly against the Movant and does not attach to Debtor's property on Farmington Road. The Debtor's interest in the jointly owned property is property of this Debtor's estate, See 11 U.S.C. §541. Movant seeks to evade the priority guaranteed to creditors under 11 U.S.C. § 507 and to try and prioritize her disputed equitable distribution claims in the Court of Common Pleas. This is a classic example of the inherent conflict between domestic relations proceedings, which favors spouse's claims over all other creditors. Conversely, the Bankruptcy Code treats all unsecured creditors equally situated without regard to the reason of the indebtedness, unless granted statutory priority under 11 U.S.C. § 507.

12.     (Number 11 in Movant's motion) Denied. While the Allegheny County Assessments may show certain transfers, the Court of Common Pleas in Knoll v Uku GD-12-7435, ruled that the attempted transfer of Farmington Road and Chaske Street

were null and void. They are therefore the sole property of the Debtor.

13.     (Number 12 in Movant's motion) Denied. The Court of Common Pleas has already adjudicated the ownership and that decision is res judicata to the parties. Please see GD-12-7435. It is improper for the Movant to try to mislead the Court by this allegation.

14.     (Number 13 in Movant's motion) Denied. The Debtor's plan is designed to deal with his creditors and for the Debtor to retain his home for his minor daughter and himself. These are goals which Chapter 13 was designed to help debtors.

15.     (Number 14 in Movant's motion) Denied. It is denied that Movant is competent to testify about the value of this real estate. Strict proof is demanded.

16.     (Number 15 in Movant's motion) Denied. The Debtor's Chapter 13 Plan exercises his exemption and his right to retain his house and determine the secured claim of the Lien holder. Chapter 13 allows debtors to retain their residences if their plans otherwise comply with section 1322 and 1325. The Debtor's plan intends to liquidate all non-residential real estate. There is no equity in his residence for the Movant or any other unsecured creditor.

17.     (Number 16 in Movant's motion) Denied. Debtor and his creditors will be prejudiced. The Debtor's estate will be required to retain special counsel before any liquidation is determined.  The sale of the jointly owned real estate should be realized before requiring the Debtor to incur money to litigate this matter. For the reasons state earlier regarding the IRS "Liens." Do not impair the Debtor's interests and there is no reason to move that litigation except to forum shop and to defeat the priorities established by 11 U.S.C. § 507.

18.     (Number 17 in Movant's motion) Denied. The Movant is not entitled to relief to litigate the equitable distribution claim[2]   The Movant had earnings greatly in excess of the Debtor and there is no realistic spousal support claim. The Movant and the Court of Common Pleas should not be permitted to take control or liquidate estate assets to help the Movant to evade 11 U.S.C. § 507. This matter has been pending for five years and there is no reason to accelerate this matter. As of this date, the Movant has not filed a Proof of Claim.

19.     (Number 15 in Movant's motion) This paragraph contains a conclusion of law. The Movant is not entitled to adequate protection of her unsecured claim. Debtor is not required to respond to legal conclusions. If a response is deemed necessary then the same is denied. Denied that the IRS debt is marital and that the 2011 lien is valid and enforceable. It is disputed that the Movant has any claim against the Debtor. As of this date, the Movant has not filed a Proof of Claim.

20.     (Number 16 in Movant's motion) This paragraph contains a conclusion of law. Debtor is not required to respond to legal conclusions. If a response is deemed necessary then the same is denied.   By way of further statement, the Movant has failed to specify any harm and how it would be an irreparable harm if the stay remained in force. It is denied that the IRS debt is marital and that the 2011 lien is valid and enforceable. The Movant is not entitled to the relief requested.

21.     (Number 17 in Movant's motion) This paragraph contains a conclusion of law. Debtor is not required to respond to legal conclusions. If a response is deemed necessary then the same is denied. The Debtor's residence is effective to his family and the Debtor needs a place to live while he reorganizes. The Court should take notice that

---

[2] The parties' minor daughter lives with the Debtor.

the sale of the Debtor's residence will not provide any funds to the Movant.  The Movant's fixation on the sale of his residence betrays the motive of the Movant to harm the Debtor.

22.    (Number 18 in Movant's motion) Denied. The Movant is able to file a claim based on her preparation of her case in the Court of Common Pleas. The Debtor reserves the right to dispute that claim when it is filed. The Debtor will have to use his business judgment to decide if the costs of litigation justify any further litigation.

**WHEREFORE,** the Debtor requests that this Honorable Court enter an Order denying the motion for relief from stay.

**Respectfully submitted,**

**Dated:** September 30, 2021                     **BY:** /s/ Donald R. Calaiaro
**Donald R. Calaiaro, Esquire**
**PA I.D. #27538**
**dcalaiaro@c-vlaw.com**
**CALAIARO VALENCIK**
**938 Penn Avenue, Suite 501**
**Pittsburgh, PA  15222-3708**
**(412) 232-0930**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE:** | ) **Bankruptcy No.** 21-21712-CMB |
| Eustace O. Uku, | ) |
| **Debtor,** | ) **Chapter** 13 |
| Shelley Fant Uku, aka Shelley Fant, | ) |
| **Movant,** | ) **Related Document No.** 65-67 |
| **vs.** | ) **Hearing Date:** 10/13/21 @ 2:30 p.m. |
| Eustace O. Uku and | ) **Response Due:** 10/04/21 |
| Ronda J. Winnecour. | ) |
| **Respondents.** | ) **Document No.** |

**CERTIFICATE OF SERVICE OF RESPONSE TO MOTION FOR RELIEF
FROM THE AUTOMATIC STAY AND WAIVER OF THE THIRTY DAY DEADLINE
IMPOSED BY 11 U.S.C. §362 (e)**

I certify under penalty of perjury that I served the above captioned pleading on the parties at the addresses specified below or on the attached list on September 30, 2021.

**SERVICE BY E-MAIL**:
Brittany Petricca, Esquire, 429 4th Avenue, Suite 1801, Law & Finance Building, Pittsburgh, PA 15219; bpetricca@ddslawfirm.com
Eustace O. Uku, 214 Farmington Road, Pittsburgh, PA 15215
**SERVICE BY NEF**:
Mary Bower Sheats on behalf of Creditor Shelley Fant Mary@mbsheatslaw.com, mbsheats@gmail.com;Sheats@Gubinskylaw.com;G19303@notify.cincompass.com
Office of the United States Trustee; ustpregion03.pi.ecf@usdoj.gov
Ronda J. Winnecour; cmecf@chapter13trusteewdpa.com

The type(s) of service made on the parties (first-class mail, electronic notification, hand delivery, or another type of service) was: Electronic Notification

If more than one method of service was employed, this certificate of service groups the parties by the type of service. For example, the names and addresses of parties served by electronic notice will be listed under the heading "Service by Electronic Notification," and those served by mail will be listed under the heading "Service by First-Class Mail."

**Executed on:**  September 30, 2021

/s/ Donald R. Calaiaro
**Donald R. Calaiaro, Esquire
PA I.D. #27538
dcalaiaro@c-vlaw.com
CALAIARO VALENCIK
938 Penn Avenue, Suite 501
Pittsburgh, PA  15222-3708
(412) 232-0930**