# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE:** | ) **Case No.** 21-21712-CMB |
| Eustace O. Uku, | ) |
| **Debtor,** | ) **Chapter** 13 |
| Charles A. Knoll, Jr., | ) |
| **Movant,** | ) **Related Document No.** 91 |
| Eustace O. Uku, | ) |
| **Respondent.** | ) **Document No.** |

## RESPONSE TO OBJECTIONS TO EXEMPTIONS

**AND NOW**, comes the Debtor, Eustace O. Uku, by and through his counsel, Calaiaro Valencik and Donald R. Calaiaro, and presents the following:

1. Admitted.

2. Admitted. The Judgment constitutes a lien on the real estate owned by the Debtor in Allegheny County.

3. Admitted.

4. Admitted.

5. Admitted. The property was returned to the Debtor pursuant to Order of Court.

6. Admitted in part. The Debtor has sought to have a formal appraisal of the property. The value is disputed.

7. Regardless of the value of the Debtor's residence, the Debtor proposes to utilize the exemption under 11 USC § 522 (D) (1) against any judgments under 11 USC § 522 (f) that impair his exemptions.

8. Admitted.

9. Admitted. The Debtor is not using 11 USC § 522 (f) as to any of the other

properties.

10. It is admitted that Debtor had an appraisal. The value of the property is subject to a dispute which will be addressed in an appropriate motion pursuant to 11 USC § 522 (f).

11. Admitted. The Debtor believes the $390,000.00 appraisal is an accurate estimate of the subject property in its present condition.

12. Paragraph 12 is without legal basis. One of the most essential concepts of the Bankruptcy Code is the right of a debtor to an exemption. 11 USC 222 (c) specifically addresses this issue and makes it crystal clear that exemptions may be asserted against most non-dischargeable debts including the claim to the Movant.

13. The discharge of the Debtor's debt is being litigated at Adversary Case No. 21-02104-CMB.

14. Paragraph 14 is made without any legal basis and the Debtor is demanding the Movant withdraw this claim or face sanctions under Bankruptcy Rule 9011 (c) (1) (A).

**WHEREFORE**, the Debtor requests that the motion be denied and to the extent allowed by Bankruptcy Rule 9011 (c) (1) (A) issue appropriate sanctions against the Movant.

**Respectfully submitted,**

**Date:** November 15, 2021

**BY:** /s/ Donald R. Calaiaro
**Donald R. Calaiaro, Esquire**
**PA I.D. #27538**
**dvalencik@c-vlaw.com**
**CALAIARO VALENCIK**
**938 Penn Avenue, Suite 501**
**Pittsburgh, PA  15222-3708**
**(412) 232-0930**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE:** | ) **Case No.** 21-21712-CMB |
| Eustace O. Uku, | ) |
| **Debtor,** | ) **Chapter** 13 |
| Charles A. Knoll, Jr., | ) |
| **Movant,** | ) **Related Document No.** 91 |
| Eustace O. Uku, | ) |
| **Respondent.** | ) **Document No.** |

## CERTIFICATE OF SERVICE OF
## RESPONSE TO OBJECTIONS TO EXEMPTIONS

I certify under penalty of perjury that I served the above captioned pleading on the parties at the addresses specified below or on the attached list on November 15, 2021.

David M Nernberg on behalf of Plaintiff Charles A., Jr. Knoll; dmn@nernberg.com

Office of the United States Trustee; ustpregion03.pi.ecf@usdoj.gov

Ronda J. Winnecour; cmecf@chapter13trusteewdpa.com

The type(s) of service made on the parties (first-class mail, electronic notification, hand delivery, or another type of service) was: Electronic Notification.

If more than one method of service was employed, this certificate of service groups the parties by the type of service. For example, the names and addresses of parties served by electronic notice will be listed under the heading "Service by Electronic Notification," and those served by mail will be listed under the heading "Service by First-Class Mail."

**Executed on:** November 15, 2021        /s/ Donald R. Calaiaro
**Donald R. Calaiaro, Esquire**
**PA I.D. #27538**
**dcalaiaro@c-vlaw.com**
**CALAIARO VALENCIK**
**938 Penn Avenue, Suite 501**
**Pittsburgh, PA  15222-3708**
**(412) 232-0930**