# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE:** | ) **Case No.** 21-21712-CMB |
| Eustace O. Uku, | ) |
|     **Debtor,** | ) **Chapter** 13 |
| Eustace O. Uku, | ) |
|     **Movant,** | ) **Related Document No.** 178-171 |
| **vs.** | ) |
| Charles A. Knoll, Jr., | ) |
| Municipality of Penn Hills, | ) **Hearing Date:** 10/13/22 @ 11:00 a.m. |
| Penn Hills School District, | ) |
| County of Allegheny, | ) **Response Due:** 09/19/22 |
| Ronda J. Winnecour, Chapter 13 | ) |
| Trustee, and Mellon Bank | ) |
| Community Development, | ) |
|     **Respondents.** | ) **Document No.** |

## AMENDED ORDER CONFIRMING CHAPTER 13 SALE OF PROPERTY
## FREE AND CLEAR AND DIVESTED OF LIENS, CLAIMS AND ENCUMBRANCES

**AND NOW**, this _____ day of _____ 2022, on consideration of the **Debtor's Motion to Sell** 8260 Chaske Street, Municipality of Penn Hills, Allegheny County, Pennsylvania **Free and Clear of All Liens and Encumbrances and Claims** to Home Buyers of Pittsburgh, LLC and or its assigns, 1080 Steuben Street, Pittsburgh, PA 15220 for $42,500.00**,** after a Zoom Video Conference Hearing held, the Court finds:

(1) That service of the Notice of Hearing and Order setting hearing on said Motion for sale of real property free and divested of the interest of the co-owner, the mortgages, liens and judgments of the above-named Defendants, was affected on the following secured creditors whose liens are recited in said Motion for sale, viz:

| **DATE OF SERVICE** | **NAME OF LIENOR AND SECURITY** |
|---|---|
| (Date of Each service) | (Name and address of each including description of collateral) |
| August 31, 2022 | County of Allegheny<br>Jeffrey R. Hunt, Esquire<br>GRB Law<br>525 William Penn Place<br>Pittsburgh, PA 15219<br>*(tax lien)* |
| August 31, 2022 | Municipality of Penn Hills<br>c/o Jennifer L. Cerce, Esquire<br>Maiello Brungo & Maiello<br>Southside Works<br>424 S. 27th Street, Suite 210<br>Pittsburgh, PA 15203<br>*(tax lien)* |

| | |
|---|---|
| August 31, 2022 | Penn Hills School District<br>c/o Jennifer L. Cerce, Esquire<br>Maiello Brungo & Maiello<br>Southside Works<br>424 S. 27th Street, Suite 210<br>Pittsburgh, PA 15203<br>*(tax lien)* |
| August 31, 2022 | Charles A. Knoll, Jr.<br>c/o David M. Nernberg, Esquire<br>Maurice A. Nernberg & Assoc.<br>301 Smithfield Street<br>Pittsburgh, PA 15222<br>*(judgment)* |
| August 31, 2022 | Ronda J. Winnecour<br>3250 US Steel Tower<br>600 Grant Street<br>Pittsburgh, PA 15219<br>*Chapter 13 Trustee* |
| December 7, 2022 | Mellon Bank Community<br>Development Corp.<br>1 Mellon Bank Center<br>Pittsburgh, PA 15258<br>*Mortgage* |
| December 7, 2022 | Mellon Bank Community<br>Development Corp.<br>500 Grant Street, Suite 2850<br>Pittsburgh, PA 15258<br>*Mortgage* |

(2)     That sufficient general notice of said hearing and sale, together with the Confirmation hearing thereon, was given to the creditors and parties in interest by the moving party as shown by the certificate of service duly filed and that the named parties were duly served with the Motion to Sell the fee simple interest. .

(3)     That the said hearing was duly advertised on the Court's website pursuant to *W.PA LBR 6004-1(c)* on September 6, 2022, in the Pittsburgh Post-Gazette on September 22, 2022, and in the Pittsburgh Legal Journal on September 23, 2022, as shown by the Proof of Publications duly filed.

(4)     That at the sale hearing the highest/best offer received was that of the above Purchaser(s) and no objections to the sale were made which would result in cancellation of said sale.

(5)     That the price of **$42,500.00** offered by Home Buyers of Pittsburgh, LLC was a full and fair price for the property in question for the interest of the Debtor.

(6) That the Purchaser(s) has acted in good faith with respect to the within sale in accordance with <u>In re: Abbots Dairies of Pennsylvania, Inc.,</u> 788 F2d. 143 (3d Cir. 1986).

Now therefore, **IT IS ORDERED, ADJUDGED AND DECREED** that the sale by Special Warranty deed of the real property described as 8260 Chaske Street, Municipality of Penn Hills, Allegheny County, Pennsylvania is hereby **CONFIRMED** to Home Buyers of Pittsburgh, LLC and or its assigns, 1080 Steuben Street, Pittsburgh, PA 15220 for $42,500.00, free and divested of the above recited liens and claims, and, that the Plaintiff is authorized to make, execute and deliver to the Purchaser(s) above named the necessary deed and/or other documents required to transfer title to the property purchased upon compliance with the terms of sale.

**IT IS FURTHER ORDERED** that the above recited liens and claims, be, and they hereby are, transferred to the proceeds of sale, if and to the extend they may be determined to be valid liens against the sold property, that the within decreed sale shall be free, clear, and divested of said liens and claims;

**FURTHER ORDERED**, that the following expenses/costs shall immediately be paid at the time of closing. ***Failure of the Closing Agent to timely make and forward the disbursements required by this Order*** will subject the closing agent to monetary sanctions, including among other things, a fine or imposition of damages, after notice and hearing, for failure to comply with the above terms of this Order.

(1) The following lien(s)/claim(s) from the sale proceeds:

(2) Delinquent real estate taxes; This charge shall be assessed against the sale proceeds;

(3) Current real estate taxes, pro-rated to the date of closing; This charge shall be assessed against the sale proceeds;

(4) The costs of local newspaper advertising in the amount of $100.10; reimbursed to Calaiaro Valencik for the amount of their approved by the Court for legal fees and for all costs and advertising expenses related to this sale. This charge shall be assessed against the sale proceeds;

(5) The costs of legal journal advertising the amount of $126.00; reimbursed to Calaiaro Valencik for the amount of their approved by the Court for legal fees and for all costs and advertising expenses related to this sale. This charge shall be assessed against the sale proceeds;

(6) The legal fees and costs related to the sale to Calaiaro Valencik of $1,500.00.

(7) The allowed Chapter 13 Trustee fees of $1,345.49;

(8) To the extent there are sale proceeds, all remaining funds shall be paid to Mellon Bank Community Development Corp.

(9) To the extent there are proceeds, the allowed payoff of the judicial lien of Charles A. Knoll, Jr. at GD-12–007435. The judgment was entered by the court on or about July 14, 2014, against the Debtor in an original amount of $175,882.08.

(10) The Debtors "net proceeds" if any, from the closing as identified on the HUD-1 to the Chapter 13 Trustee payable to "*Ronda J. Winnecour, Ch. 13 Trustee, WDPA, P.O. Box 84051, Chicago, IL 60689-4002*";

(11) If there is a dispute at time of closing, the settlement officer may pay the undisputed claims at closing to in the order of their priority, and then escrow the balance with Calaiaro Valencik and that amount will be deposited into their IOLTA account until further order of this court.

(12) This Court reserves the jurisdiction over the sale and the proceeds until they are distributed.

**FURTHER ORDERED** that:

(1) Closing shall occur within thirty (30) days of this Order and within five (5) days following closing, the Movant shall file a report of sale;

(2) This Sale Confirmation Order survives any dismissal or conversion of the within case; and,

(3) Within five (5) days of the date of this Order, the Movant shall serve a copy of the within Order on each Defendant (i.e., each party against whom relief is sought) and its attorney of record, if any, upon any attorney or party who answered the motion or appeared at the hearing, the attorney for the debtor, the Purchaser, and the attorney for the Purchase, if any, and file a certificate of service.

**IT IS FURTHER ORDERED THAT** the Debtor will file a report of sale within 15 days of the closing. If the original bidder does not close the sale within the time allowed by this sale order, the Debtor will file a notice and status court with this court.

_____
**Honorable Carlota M. Böhm**
**United States Bankruptcy Judge**