### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE:** | ) **Case No.** 21-21712-CMB |
| Eustace O. Uku, | ) |
| **Debtor,** | ) **Chapter** 13 |
| Home Buyers of PGH, LLC, | ) |
| **Movant,** | ) **Related to Doc. No.** 215-211 |
| vs. | ) |
| Charles A. Knoll, Jr., | ) |
| Municipality of Penn Hills, | ) **Hearing Date:** April 4, 2023 at 1:30 PM |
| Penn Hills School District, | ) |
| County of Allegheny, and | ) **Response Due Date**: March 31, 2023 |
| Ronda J. Winnecour, Chapter 13 | ) |
| Trustee, and Mellon Bank | ) |
| Community Development | ) |
| **Respondents.** | ) **Document No.** |

### RESPONSE TO MOTION FOR RECONSIDERATION OF ORDER PERMITTING SALE OF REAL PROPERTY FREE AND CLEAR OF ALL LIENS AND ENCUMBRANCES FILED BY HOME BUYERS OF PGH, LLC

**AND NOW,** comes the Debtor, Eustace O. Uku ("Debtor"), by and through his counsel of record, Calaiaro Valencik and Donald R. Calaiaro, and provides the below Response to the Motion to Reconsider Order Permitting Sale of Real Property Free and Clear of All Liens and Encumbrances filed by Home Buyers of PGH, LLC, and avers the following in support:

1. It is admitted that the Movant, Home Buyers of PGH, LLC ("Movant"), filed a Response to the Debtor's Amended Motion to Sell Real Property Free and Clear of All Liens and Encumbrances.

2. Denied. The Movant is the successful buyer in a Bankruptcy Court approved sale of real property. The fundamental issue is that the Movant is the Court approved buyer of the property located at 8260 Chaske Street ("Property"). The contract for the purchase of the Property merged into the Court Order approving the sale. The Movant has misstated its rights repeatedly. The Court Order approving the sale was originally entered on October 20, 2022. See Doc. No. 171.

      3.      The Movant has made most of its contact with Debtor's Counsel about the sale through the title agent and not an attorney[1]. The title company requested payoffs from the lien holders. Counsel for the Debtor responded that the liens were divested and there was no need for mortgage payoffs/releases. The Movant's title company stated there was a "cloud" on the title and that it needed a Court Order clarifying the rights of a mortgage holder. Counsel for the Debtor elected to attempt to resolve this issue by preparing an Emergency Motion to Amend the Order approving the sale. See Doc. No. 177. The Debtor later filed an Amended Motion to Sell the Property free and clear of liens. See Doc. No. 189. The hearing on March 23, 2023 was a hearing on the Amended Motion. The Court conducted the hearing on March 23, 2023 at the scheduled time via Zoom. The Movant did not appear nor did the Movant contact Counsel for the Debtor or the Court to request a continuance.

      4.      Admitted.

      5.      The Movant does not explain why he was unable to notify the Court or other parties of his inability to attend the hearing on March 23, 2023. The Movant did not file for a continuance of the hearing. The Movant's Motion does not state with any specificity the reason he could not appear for the Zoom hearing. Upon further investigation, Counsel for the Debtor was unable to locate any evidence of the Movant's registration for the hearing.

      6.      Denied. The fundamental issue is that the Movant is the Court approved buyer of the Property. The contract for the purchase of the Property merged into the Court Order approving the sale. The Movant has misstated its rights repeatedly. The Court Order approving the sale was originally entered on October 20, 2022. See Doc.

---

[1] Counsel for the Debtor constantly urged the Movant to engage counsel to handle any legal issues because the title agent was not the legal representative of the Movant.

No. 171. After the Debtor prepared the Emergency Motion to Amend the Order, the principal of the Movant requested a dramatic reduction in the sale price because of the delay in closing. That request was denied. Counsel for the Debtor discussed this request with the Movant and reminded the Movant that the Movant frequently advertises on television ads that it buys houses in any condition and there is no need for repairs before it purchases a property. Debtor's Counsel advised the Movant that the Debtor was bound by the Court Order approving the sale. This was an "as is" sale. The Purchase Agreement for the Property had merged into the Court Order approving the sale and the Movant had no right to terminate a Court Order.

7. Denied. There is no evidence that the Property has deteriorated since the sale. Additionally, this was an "as is" sale. The delay in closing was caused by the Movant's demand for payoff letters in addition to other issues. It is important to point out that the Movant is in the business of purchasing houses in an "as is " condition and it regularly advertises that there is no need to make repairs before it purchases a property.

8. Denied. There is no legal basis to reconsider this Court's Order approving the sale. Rule 60(b) of the Federal Rules of Civil Procedure, applicable to bankruptcy proceedings through Rule 9024 of the Federal Rules of Bankruptcy Procedure, lays out six grounds upon which a Court may grant reconsideration of a final order[2]. Fed. R. Civ. P. 60(b), Fed. R. Bankr. P. 9024. The Movant has offered has failed to offer facts showing any of the six grounds articulated in Rule 60(b) are present here. As such, there are no legal grounds for this Court to reconsider the Order approving the sale.

---

[2] The Court may relieve a party or its legal representative from a final order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

The resistance of the Movant is premised on the mistaken legal belief that the Court Order approving the sale can be unilaterally terminated by the Movant. This position is without any valid basis. This pleading and the opposition originally filed by the Movant are without any legal basis and are actionable under Rule 9011(c) of the Federal Rules of Bankruptcy Procedure[3].

9.	The Movant fails to explain why he is entitled to the relief requested and the basis for such relief.

**WHEREFORE**, the Debtor, Eustace O. Uku, respectfully requests this Court (1) deny the Movant's Motion for Reconsideration, (2) assess costs and legal fees against the Movant under Rule 9011(c) of the Federal Rules of Bankruptcy Procedure, and (3) grant such other relief as the Court deems proper.

**Respectfully submitted,**

**Dated:** March 31, 2023

**BY:** /s/ Donald R. Calaiaro
**Donald R. Calaiaro, Esquire**
**PA I.D. No. 27538**
**dcalaiaro@c-vlaw.com**
**CALAIARO VALENCIK**
**938 Penn Avenue, Suite 501**
**Pittsburgh, PA  15222-3708**
**(412) 232-0930**

---

[3] A party may request sanctions against a party who filed a pleading in violation of Rule 9011(b)(relating to certification that a pleading is not improper, that the claims are based in law and are non-frivolous, and that factual averments are supported by evidence). Fed. R. Bankr. P. 9011(b),(c).

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE:** | ) **Case No.** 21-21712-CMB |
| Eustace O. Uku, | ) |
| **Debtor,** | ) **Chapter** 13 |
| Home Buyers of PGH, LLC, | ) |
| **Movant,** | ) **Related to Doc. No.** 215-211 |
| vs. | ) |
| Charles A. Knoll, Jr., | ) |
| Municipality of Penn Hills, | ) **Hearing Date:** April 4, 2023 at 1:30 PM |
| Penn Hills School District, | ) |
| County of Allegheny, and | ) **Response Due Date**: March 31, 2023 |
| Ronda J. Winnecour, Chapter 13 | ) |
| Trustee, and Mellon Bank | ) |
| Community Development | ) |
| **Respondents.** | ) **Document No.** |

## CERTIFICATE OF SERVICE OF Response to Motion for Reconsideration of Order Permitting Sale of Real Property Free and Clear of All Liens and Encumbrances Filed by Home Buyers of PGH, LLC

I certify under penalty of perjury that I served the above captioned pleading on the parties at the addresses specified below or on the attached list on March 31, 2023.

**SERVICE BY FIRST-CLASS MAIL:**
Eustace Uku, 214 Farmington Road, Pittsburgh, PA 15215

**SERVICE BY NEF**:
Mitchel Zemel on behalf of Interested Party Home Buyers of PGH; zemel@zemellaw.com
Office of the United States Trustee; ustpregion03.pi.ecf@usdoj.gov
Ronda J. Winnecour; cmecf@chapter13trusteewdpa.com

The type(s) of service made on the parties (first-class mail, electronic notification, hand delivery, or another type of service) was: First-Class Mail or Electronic Notification.

If more than one method of service was employed, this certificate of service groups the parties by the type of service. For example, the names and addresses of parties served by electronic notice will be listed under the heading "Service by Electronic Notification," and those served by mail will be listed under the heading "Service by First-Class Mail."

**Executed on:** March 31, 2023         /s/ Donald R. Calaiaro
                                        **Donald R. Calaiaro, Esquire**
                                        **PA I.D. No. 27538**
                                        **dcalaiaro@c-vlaw.com**
                                        **CALAIARO VALENCIK**
                                        **938 Penn Avenue, Suite 501**
                                        **Pittsburgh, PA  15222-3708**
                                        **(412) 232-0930**