1593154MO7\btcl080924\dmnl081424\btcl081624

IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF
PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | BANKRUPTCY NO. 21-21712-CMB |
| | : | |
| EUSTACE O. UKU, | : | |
| | : | Chapter 13 |
| Debtor. | : | |
| | : | |
| EUSTACE O. UKU, | : | |
| | : | |
| Movant. | : | |
| | : | |
| vs. | : | |
| | : | |
| CHARLES A. KNOLL, Jr., | : | |
| | : | |
| Creditor. | : | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## RESPONSE AND OBJECTION TO MOTION TO CONVERT CASE FROM CHAPTER 13 TO CHAPTER 11

AND NOW, comes Creditor, Charles A. Knoll by and through his counsel, David M. Nernberg and Nernberg & Associates, and files this Response and Objection to Debtor's Motion to Convert Case from Chapter 13 to Chapter 11.

### JURISDICTION & VENUE

1.      Admitted.

2.      Admitted.

3.      Admitted.

### FACTUAL BACKGROUND

4.      Admitted.

5.      After reasonable investigation, Creditor, Charles A. Knoll ("Knoll") is

without information or belief to form a response to this allegation. To the extent a

response is required it is admitted that Debtor filed this action to prevent payment of his debt to Knoll whether by sale of his residence or otherwise.

6.      Admitted in part. An amended plan was also filed.

7.      Admitted in part. It is unknown whether such payments were made. However, no such payments inured to Knoll's benefit.

8.      Admitted. Further, neither 214 Farmington nor 821 Old Mill Road would have been a part of the Estate if it were not for Knoll's successful prosecution of a fraudulent transfer action against Debtor in the Common Pleas Court of Allegheny County where Debtor attempted to avoid paying Knoll.

9.      Admitted.

10.     Admitted in part. The Debtor and Knoll participated in mediation which did not resolve the dispute. Subsequently, Knoll attempted to engage Debtor informally and pursuant to Court order. Debtor did not engage Knoll.

11.     Denied. Whether Debtor's value is correct or not, Debtor would have to pay Knoll. Furthermore, any shortage of time is a result of Debtor's own delay. Debtor filed this Bankruptcy in July of 2021 and declared the value of 214 Farmington at $300,000 in an attempt to avoid Knoll's lien. Debtor obtained an appraisal of 214 Farmington in October of 2021 for $390,000.  The same value he purports to claim it is worth in his adversary proceeding to limit Knoll's lien. While Knoll disagrees on the value (and has objected to the plan and amended plan), Debtor made no attempt to amend his plan to include payments to Knoll based upon the value Debtor claims should apply ($390,000). In fact, Debtor amended his plan in

2023 and still did not include payments to Knoll. His plan does include payments to the mortgagor of the property as well as the Trustee and Debtor's attorney.

If Debtor was sincere he should have amended his plan at the very earliest in October of 2021 to include payments to Knoll pursuant to the value he now asserts should be applied (see Adversary Action at 24-02049-CMB). Allowing conversion would be a disservice to the Creditors. The cause for any plan being without time is the Debtor's fault. Furthermore, Debtor has not indicated any income or employment that would meet any proposed plan. And, has not indicated what he has done with the funds that should be have been paid over to Knoll.

12.     Admitted.

13.     Denied. After reasonable investigation Knoll has no knowledge of Debtor's finances as Debtor has not provided any financial information to Creditor nor any tax returns though the same was requested during settlement discussions. To the extent a response is required, it is denied. Debtor estate should be liquidated.

14.     Denied. After reasonable investigation Knoll has no knowledge of Debtor's circumstances or whether Debtor is working. Debtor has not engaged in any discussions with Knoll and has not provided any proof of this allegation.

15.     Admitted.

16.     Denied. Knoll's claim is completely secured given the value of the home. After reasonable investigation Knoll is without knowledge of any income of Debtor and has no information as to whether any payments could be made. Response to Paragraph 11 is incorporated herein.

17.     Denied. The Trustee indicated that any plan must set forth payment to Knoll which has not been made. Response to Paragraph 11 is incorporated herein.

## RELIEF REQUESTED

18.     Admitted.

19.     Admitted.

20.     Denied. The Debtor should have filed a proposed plan herein. Response to Paragraph 11 is incorporated herein.

21.     Denied. See Objection to the Motion to Convert as follows which is fully incorporated as if stated herewith.

## OBJECTION TO DEBTOR'S MOTION TO CONVERT CASE FROM CHAPTER 13 TO CHAPTER 11

1.     Knoll's response to paragraphs 1 through 21 of Debtor's Motion to Convert Case from Chapter 13 to Chapter 11 are incorporated herein as if stated herewith.

2.     On June 6, 2024 a status conference was held related to Debtor's Chapter 13 plan before the Trustee's counsel, Owen Katz.

3.     On June 10, 2024 the Trustee of Debtor's case, Ronda J. Winnecour by and through her counsel, Owen W. Katz filed a Chapter 13 Trustee's Objection to Debtor's Plan and Request that the Case be Dismissed or Converted pursuant to 11 USCS § 1307. In it the Trustee noted as follows:

a.     Debtor could not retain his residence through any plan that would satisfy the good faith basis required of Chapter 13 (Paragraph 3);

b.     That even utilizing Debtor's valuation of $390,000 for 214 Farmington, no plan would be feasible to pay Knoll. (Paragraph 5).

c.    Debtor's retention of the residence renders the plan an abuse of bankruptcy (Paragraph 7);

d.    The case has been pending for over 35 months without resolution and the plan is unfeasible (Paragraph 8).

4.    Knoll joined the Trustee's position and noted the same in his status report filed on July 10, 2024.

5.    This bankruptcy has been active for over 3 years (July of 2021) and no plan or plan payments have been made to Knoll.

6.    Uku obtained an appraisal of 214 Farmington in October of 2021 for $390,000 (Higher than the $300,000 value assigned in his plan and filing utilized in order to avoid Knoll's lien).

7.    Debtor contends in his Adversary Action and to this Court that the value of 214 Farmington should be determined to be $390,000 and any plan should be based upon that valuation.

8.    Debtor claims in his motion that because only 2 years are left in his Chapter 13, he needs to convert to create a plan under Chapter 11 that would give him more time.

9.    Debtor had every opportunity to revise his plan and decided not to. Instead waiting for the Trustee to reject his plan and wasting 3 years where he could have been making payments to Knoll.

10.    While Knoll objects to Debtor's valuation and believes 214 Farmington to be worth closer to $600,000 (Knoll's appraisal was $450,000 near the time of the filing

and $470,000 in a second later appraisal), Debtor should have been making plan payments based upon his admitted valuation.

11.     To convert now would prejudice Knoll, a secured creditor, who has objected to the plan from the outset.

12.     The only reason Debtor is without time is because Debtor decided not to amend his plan and make payments to Knoll, instead, waiting for the Trustee to take action.

13.     Debtor has not established he could successfully reorganize his assets to pay the debt under Chapter 11 or Chapter 13 and provided no evidence of income and no proposed plan. And, any valuation close to Knoll's contention would render it impossible.

14.     Debtor has amended the plan but failed to include any payments to Knoll and files this Motion to Convert only after a Motion to Dismiss or Convert to Chapter 7 was filed. As Debtor cannot show any reasonable cause for his delay and such delay has and will continue to prejudice Knoll and other creditors, the Motion should be denied. *In Re. Elwell*, 2020 Bankr. Lexis 395, United States Bankruptcy Court for the District of Connecticut.

15.     The only feasible outcome is to liquidate the estate, whether pursuant to Chapter 7 or as part of a plan to convert to Chapter 11.

16.     It is prayed that this Court either dismiss Debtor's Bankruptcy or order the Estate liquidated.

Respectfully Submitted,
MAURICE A. NERNBERG & ASSOCIATES


Date: August 16, 2024                    By:____/s/ *David M. Nernberg*_____
David M. Nernberg
Pa. I.D. No. 205631

Maurice A. Nernberg & Associates
301 Smithfield Street
Pittsburgh, PA 15222
(412) 232-0334
dmn@nernberg.com

Counsel for Charles A. Knoll, Jr.