1593154MO9\btc\092024

IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | BANKRUPTCY NO. 21-21712-CMB |
| | : | |
| EUSTACE O. UKU, | : | |
| | : | Chapter 13 |
| Debtor. | : | |
| | : | |
| EUSTACE O. UKU, | : | |
| | : | |
| Movant. | : | |
| | : | |
| vs. | : | |
| | : | |
| CHARLES A. KNOLL, Jr., | : | |
| | : | |
| Creditor. | : | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### RESPONSE TO MOTION TO WAIVE THE EXHIBIT REQUIRMENT

**AND NOW,** Creditor, Charles A. Knoll, Jr. conditionally does not oppose Debtor's Motion to Waive the Exhibit Requirement under Chapter 11. The non-opposition is predicted upon Paragraph 7 of the Motion: "The Plan proposes a sale of the assets of the debtor in order to pay all of the claims against the Debtor." Also, that the Debtor will "continue" to make all mortgage payments on the property until sold and (Paragraph 8) that Debtor has made all Chapter 13 payments to date.

The Debtor has one known and admitted asset, the home at 214 Farmington Road, Pittsburgh, PA 15215. Knoll is currently owed $165,713.44 plus interest from July 29, 2021 to date of payment. As Knoll has a secured interest, his payment should be from the net proceeds of the sale of that property subject only to miscellaneous Bankruptcy Costs, the Debtor's exemption (if allowed) and reasonable attorney fees approved by this Court.

Knoll is predicating his waiver of the right to object on his view that the property will bring in between $500,000 and $700,000 subject only to a first mortgage of approximately $260,000 or less. It is on that basis that Knoll will not object and is willing to "put his money where his mouth is" and accept the risk the property will not sell as anticipated. Conversely, if the Debtor proposes that Knoll's claim be reduced or that Debtor and his counsel be paid anything more than the foregoing, Knoll does object. Knoll's objection flows from the obvious reason the Debtor is asking this Court to waive the required Disclosures: it is likely to prove true Knoll's allegation that disclosure would reveal that the Debtor either has other income or asset sources not previously disclosed and the income sources that were disclosed, earnings, was a misrepresentation.

Respectfully Submitted,
MAURICE A. NERNBERG & ASSOCIATES

Date: September 20th, 2024

By: /s/ *David M. Nernberg*
David M. Nernberg
Pa. I.D. No. 205631

Maurice A. Nernberg & Associates
301 Smithfield Street
Pittsburgh, PA 15222
(412) 232-0334
dmn@nernberg.com

Counsel for Charles A. Knoll, Jr.