1593154MO11/dmn/100424/btc

IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | BANKRUPTCY NO. 21-21712-CMB |
| | : | |
| EUSTACE O. UKU, | : | |
| | : | Chapter 13 |
| Debtor. | : | |
| | : | |
| EUSTACE O. UKU, | : | |
| | : | |
| Movant. | : | |
| | : | |
| vs. | : | |
| | : | |
| CHARLES A. KNOLL, Jr., | : | |
| | : | |
| Creditor. | : | |

**********************************

### RESPONSE AND OBJECTION TO MOTION TO EXTEND TIME TO FILE REQUESTED DOCUMENTS AND STATEMENT IDENTIFYING ANYTHING NOT PROVIDED

**AND NOW,** Creditor, Charles A. Knoll, Jr. by and through his counsel, David M. Nernberg and Nernberg & Associates, and files this Response and Objection to Motion to Extend Time to File Requested Documents and Statement Identifying Anything Not Provided as follows:

- This Court has iterated on numerous occasions that Creditor, Knoll is entitled to the documents he requested from Debtor Uku as part of the scheduled hearing on whether to convert or dismiss Uku's bankruptcy and, such documents are relevant and material to that determination.

- Uku was ordered to produce or explain why he was not producing documents on September 10, 2024. Uku did produce some documents but did not produce them all nor did he provide any explanation. On September 26, 2024 the Court ordered the documents

1

to be produced. Pursuant to that order Knoll filed a status report identifying the documents that were not produced on September 26, 2024. Uku was to provide those documents or an explanation of why they were not produced on or before October 4, 2024.

- Uku has had ample time to produce the documents and while he is now experiencing a medical emergency, there is no adequate explanation of why the documents have not been obtained and produced by the Court imposed deadline.

- Uku alleges he has no 1099's representing payments to him for legal services. Electronic payments do not dispense with 1099's and he did not allege that his clients were not obliged to issue 1099's.

- Uku alleges he has no records relating to his law practice, but, if he received income, he clearly must have records of billing and income and fee agreements, whether they be electronic or otherwise or evidenced by bank records or otherwise, they must be produced.

- Uku objects to disclosing the source of funds utilized to pay his Chapter 13 plan payments because it has "no bearing" on the case. Uku argues the issue is his good faith plan and that he has made all prior plan payments. This is insufficient as Uku's good faith should be examined by not only what he now proposes but, what he has done throughout the entirety of this years-long bankruptcy. As Knoll has alleged, Knoll likely had access to funds and has hidden the source in order to make this request for conversion and avoid plan payments that would have paid Knoll.

- Having ignored the court set dates, ignoring the requirement of explaining why all documents were not produced and without explaining why the documents were not

2

produced the first time, Uku and his counsel simply ask the Court to grant them even more time.

Uku and his counsel have spent more time on filing motions for more time than it would have taken to just do what was ordered. What should have been a simple bankruptcy through all this maneuvering, has gone on for years and Knoll, from whom Uku stole the money, remains unpaid. It is Knoll who deserves mercy, not Uku. Between lawyers representing Uku prior to bankruptcy and during bankruptcy it is likely their fees, if they were paid, would exceed what Knoll is due.

All of the foregoing support Knoll's contention that Uku is concealing assets and using them to create a false income, what is often called "money laundering." Given that the trial court granted Knoll substantial fees for discovering Uku's concealed assets, given his refusal to disclose his sources of money (other than to refer to gifts without disclosing the donors or donors who lived far away), it is not a "wild speculation" by Knoll to claim that Uku concealed assets and did not disclose his true financial condition in this prolonged bankruptcy. First, Uku stole money from Knoll. When faced with a judgment requiring restitution, he not only concealed his assets but forced Knoll to unwind a fraudulent transfer scheme he concocted with his then wife (presently on probation for tax evasion). When Knoll persisted in seeking collection, Uku filed a first and now this bankruptcy, grossly undervalued his assets and property as set forth in his petition and dragged it out for these past four years. If equity and fairness are to be governing terms, then they dictate that Knoll should be paid and the best and easiest way to do that is by converting this to a Chapter 7 as both the trustee and Knoll request.

Respectfully Submitted,
MAURICE A. NERNBERG & ASSOCIATES

Date: October 4th, 2024

By: /s/ *David M. Nernberg*
David M. Nernberg
Pa. I.D. No. 205631

Maurice A. Nernberg & Associates
301 Smithfield Street
Pittsburgh, PA 15222
(412) 232-0334
dmn@nernberg.com

Counsel for Charles A. Knoll, Jr.

4