1593154MO12\dmn\101724\101824\man\101824\btc\101824

IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | BANKRUPTCY NO. 21-21712-CMB |
| | : | |
| EUSTACE O. UKU, | : | |
| | : | Chapter 13 |
| Debtor. | : | |
| | : | |
| EUSTACE O. UKU, | : | |
| | : | |
| Movant. | : | |
| | : | |
| vs. | : | |
| | : | |
| CHARLES A. KNOLL, Jr., | : | |
| | : | |
| Creditor. | : | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**RESPONSE TO MOTION TO EXCUSE DEBTOR FROM PERSONALLY APPEARING AT THE OCTOBER 24, 2024 HEARING AND REQUEST FOR RELIEF**

**AND NOW,** Creditor, Charles A. Knoll, Jr. by and through his counsel, David M. Nernberg and Nernberg & Associates, and files this Response as follows:

1.      The Court should dismiss this bankruptcy with prejudice or order the liquidation of the real property pending a determination of the how the proceeds will be distributed (save for necessary closing costs).

2.      Uku sought to excuse his appearance at the in-person hearing and to excuse his having to produce documents ordered by this Court.

3.      This Court has iterated on numerous occasions that Creditor, Knoll is entitled to the documents he requested from Uku as part of the scheduled hearing on whether to convert or dismiss Uku's bankruptcy and, such documents are relevant and material to that determination.

1

4.      Uku was ordered to produce all information relating to his income in his law practice, produce an affidavit as to the 1099's and to produce all information regarding his sources of income. To date, he has not. And, has indicated in his motion that he will not.

5.      This is a pattern Uku has been following since the inception of the underlying case, with preposterous explanations as to his sources of income, i.e. he did not recall the source of over $25,000 of bank deposits in a single month or that he received gifts from deceased family members in Nigeria, etc. Given that the source of funds that he spent was never revealed, neither his creditors nor this Court can ascertain whether he is insolvent for bankruptcy purposes. This is not how the bankruptcy system operates nor is it a legitimate use of bankruptcy protection.

6.      Having previously ignored deadlines, Uku and his counsel waited until the last minute to make this request regarding both Uku's attendance and again, for the third time, asking the Court excuse the production of those documents the Court has repeatedly declared are relevant.

7.      On October 18, 2024 this Court granted Uku's motion to excuse his presence. However, it is believed that in granting the motion, the Court did not excuse Uku from producing the documents ordered previously.

8.      The history of this case, from the underlying case forward is a study in fraud. First, Uku stole money from a joint venture with Knoll. He followed that by denying he took the money. Then, when a judgment was rendered against him, he not only fraudulently transferred significant assets (the reversal of which supplied the assets he listed in his petition here) but concealed bank accounts and other sources of income. After the state trial court issued orders that would require disclosure of sources of income, all other dilatory action being of no avail, he

filed this bankruptcy case. And, to this date, he has been able to stall a reckoning of his liability

for another four years for a continuing theft that began in 2004.

        9.      If the Court does not dismiss the case, Knoll requests the Court order strict proof

of Uku's medical condition, whereabouts and inability to attend the hearing and that he provides

all documentation previously ordered.


        WHEREFORE, it is prayed that this Honorable Court dismiss the case with prejudice and

without the right of Uku to file for bankruptcy protection for a sufficient period so as to empower

Knoll to immediately utilize state law to execute upon his judgment, which would likely be paid

in full. Alternatively, the Court should order Uku to (1) attend in person or provide a doctor's

detailed report that he cannot and will not be able to attend in the near future, (2) provide all

documents previously ordered and, (3) submit to a deposition and substantively respond to all

inquiries pertaining to his sources of funds and any other relief this Court deems appropriate.


                                  Respectfully Submitted,
                                  MAURICE A. NERNBERG & ASSOCIATES


Date: <u>October 18th, 2024</u>            By: <u>/s/ *David M. Nernberg*</u>
                                  David M. Nernberg
                                  Pa. I.D. No. 205631

                                  Maurice A. Nernberg & Associates
                                  301 Smithfield Street
                                  Pittsburgh, PA 15222
                                  (412) 232-0334
                                  dmn@nernberg.com

                                  Counsel for Charles A. Knoll, Jr.

IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | BANKRUPTCY NO. 21-21712-CMB |
| | : | |
| EUSTACE O. UKU, | : | |
| | : | Chapter 13 |
| Debtor. | : | |
| | : | |
| EUSTACE O. UKU, | : | |
| | : | |
| Movant. | : | |
| | : | |
| vs. | : | |
| | : | |
| CHARLES A. KNOLL, Jr., | : | |
| | : | |
| Creditor. | : | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **PROPOSED ORDER OF COURT**

**AND NOW,** to-wit, this \_\_\_ day of October, 2024, upon Motion of the Debtor, it

is **ORDERED** that: this Bankruptcy Case is dismissed with prejudice and Uku is to produce all

documents previously ordered by this Court to Charles A. Knoll, Jr. within 30 days.


By the Court,


_____
Honorable Carlota M. Böhm
United States Bankruptcy Judge


4