1593154MO13\dmn\101724\101824\man\101824\btc\101824\man102924\btc\103024

IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | BANKRUPTCY NO. 21-21712-CMB |
| | : | |
| EUSTACE O. UKU, | : | |
| | : | Chapter 7 |
| Debtor. | : | |
| | : | |
| EUSTACE O. UKU, | : | |
| | : | |
| Movant. | : | |
| | : | |
| vs. | : | |
| | : | |
| CHARLES A. KNOLL, Jr., | : | |
| | : | |
| Creditor. | : | |

**********************************

### OBJECTION TO DEBTOR'S CONVERSION TO CHAPTER 7 AND REQUEST TO DISMISS BANKRUPTCY WITH PREJUDICE

**AND NOW,** Creditor, Charles A. Knoll, Jr. by and through his counsel, David M. Nernberg and Nernberg & Associates, and files this Objection to Conversion and Request to Dismiss with Prejudice as follows:

Debtor, Eustace O. Uku ("Uku") has unreasonably delayed these proceedings to prejudice Creditor, Charles A. Knoll, Jr. ("Knoll"). It is believed and therefore averred that if Uku complied with this Court's discovery orders he would be shown to have committed fraud. Thus, as will be explained, the entire bankruptcy proceeding by Uku is in bad faith and should be dismissed with prejudice and without the right to refile.

1

**Procedural History:**

1. Uku initially filed for bankruptcy on May 28, 2020 at Bankruptcy number 20-21650-CMB on the eve of a sheriff sale of a property he owns known as 214 Farmington Road which is currently, the only disclosed valuable asset of his estate.

2. Knoll filed an adversary complaint for a determination that Uku's debt to Knoll was not dischargeable.

3. After Uku failed to respond or complete the requisite schedules, this Court dismissed the bankruptcy.

4. Knoll again sought to sell 214 Farmington at sheriff sale and again, Uku filed for bankruptcy (Chapter 13 and the current Chapter 7) at this case number on July 29, 2021.

5. Uku presented a plan to which Knoll objected. The main objection was that Uku valued 214 Farmington at $300,000 (well below its actual value) and did not propose any payments to Knoll.

6. After objection, the parties each obtained appraisals of 214 Farmington at the Court's direction. Uku's appraisal came in at $390,000 in October of 2021 and Knoll's appraisals came in at $450,000 and $470,000 respectively.

7. Knoll believes and avers 214 Farmington has a present market value of approximately $600,000.[1] Knoll has offered to purchase the property for Uku's appraised value.

---

[1] While not dwelling on it, it is Knoll's contention that an appraiser is not an "expert" under the law and holds no special knowledge. Moreover, with property information now publicly available, appraisers have no more information than the public at large. And, no study has ever shown that appraisals made under the various standards for appraisal carry any degree of accuracy greater than that of any other valuation method. Ultimately, the only accurate valuation method is to place the property on the market and that will determine value. That is what Knoll advocates here.

8. Subsequently, in August of 2023 Uku filed an amended plan. However, Uku did not account for the increased value (either by his own or Knoll's appraisals) and did not propose nor did he make any plan payments to Knoll.[2]

9. Knoll continued to object to the plan.

10. After the final meeting regarding Uku's plan, the Trustee motioned the Court to convert the case to a Chapter 7 or dismiss the case because of Uku's inability and unwillingness to propose any plan that could satisfy Chapter 13 requirements.

11. On August 2, 2024 Uku filed a Motion to Convert his case to a Chapter 11, sell 214 Farmington and cram down Knoll's lien. Uku proposed walking away with any other funds.

12. This Court ordered an evidentiary hearing scheduled for September 10, 2024 and continued to October 24, 2024. (Continued for the purpose of accommodating an in-person appearance by Uku and Knoll).

13. Knoll requested that Uku produce certain documents and evidence of his income, specifically from his law practice and other employment as well as proof of where funds came from utilized to pay the plan. The reason was explained in the Motion, explaining that Uku received money to pay his bills but concealed its source, thus indicating he had undisclosed assets or income.

14. Uku objected and was overruled on several occasions by this Court which ordered that the documents were necessary and directly related to whether Uku was acting in good faith.

15. To date, Uku has not produced many of these documents. It is believed that Uku is concealing assets, and, laundering money in order to support his lifestyle and bankruptcy plan.

---

[2] Knoll did receive funds against his lien from Uku's sale of his ex-wife's home. However, the home was only part of the bankrupt estate due to Knoll's unraveling Uku's scheme to avoid the liens through filing an action pursuant to the Pennsylvania Fraudulent Transfer's Act.

16. Nevertheless, this Court ordered the evidentiary hearing would take place, whether or not Uku and/or Knoll appeared personally.

17. The day prior to the evidentiary hearing, after Knoll had made several filings and prepared for the same, over 4 years after filing this bankruptcy, Uku filed a notice of Conversion to Chapter 7. [3]

**Grounds for Dismissal on the Basis of Lack of Good Faith in Conversion:**

18. Uku has been in Chapter 13 bankruptcy for 4 years and never put forth a plan that would satisfy secured Creditors.

19. Uku acknowledges the below market appraised value of 214 Farmington in his Motion to Convert (to which Knoll objects) which he has known since his appraisal in October of 2021.

20. Uku amended his Chapter 13 plan for increased income yet, never increased the value of 214 Farmington nor did he propose or make any plan payments to Knoll, the only major secured creditor other than the mortgage company.

21. Uku should have been making plan payments to Knoll from the outset, or, at least since he obtained the appraisal in October of 2021

22. Had Uku amended his plan (depending on the valuation of 214 Farmington), one could have been proposed that may have satisfied Knoll's lien and perhaps, Chapter 13 requirements.

23. Uku could have converted at any time to Chapter 7, yet waited until the eve of the hearing on his motion to convert to a Chapter 11 to do so.

---

[3] The money he stole, which is the source of the debt, was taken prior to 2012, leaving Knoll chasing his own money since then.

24. In addition, Uku is litigating the secured value of Knoll's lien in an attempt to reduce it whereas a sale of the property will absolutely determine the lien value.

25. The Chapter 13 Trustee has requested the case be terminated because the case had at the time been pending for 35 months without resolution or a feasible plan.

26. Uku admitted his only purpose for the bankruptcy was to retain his residence, but it is obvious from the history that he had no intention of resolving matters, the goal being delay. And, by proposing a Chapter 7 proceeding, Uku acknowledged that he no longer had any personal interest in the property; his only interest is its value and that can easily be determined in a state sanctioned sheriff's sale.

27. For the foregoing reasons, conversion should be denied and the case dismissed. If the case is dismissed, Knoll will execute on the property. Execution will give Knoll the opportunity to recover his full judgment and will avoid all the speculation surrounding valuation.

WHEREFORE, it is prayed that this Honorable Court dismiss this Bankruptcy with prejudice and provide whatever other appropriate relief this Court deems necessary.

Respectfully Submitted,
MAURICE A. NERNBERG & ASSOCIATES

Date: October 30, 2024

By: /s/ *David M. Nernberg*
David M. Nernberg
Pa. I.D. No. 205631

Maurice A. Nernberg & Associates
301 Smithfield Street
Pittsburgh, PA 15222
(412) 232-0334
dmn@nernberg.com

Counsel for Charles A. Knoll, Jr.

IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | BANKRUPTCY NO. 21-21712-CMB |
| | : | |
| EUSTACE O. UKU, | : | |
| | : | Chapter 13 |
| Debtor. | : | |
| | : | |
| EUSTACE O. UKU, | : | |
| | : | |
| Movant. | : | |
| | : | |
| vs. | : | |
| | : | |
| CHARLES A. KNOLL, Jr., | : | |
| | : | |
| Creditor. | : | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER OF COURT

**AND NOW,** to-wit, this ___ day of _____, 2024, upon Request of the Creditor, Charles A. Knoll, Jr., it is **ORDERED** that: this Bankruptcy Case is dismissed with prejudice.

By the Court,

_____
Honorable Carlota M. Böhm
United States Bankruptcy Judge