**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE:** | ) **Case No.** 21-21712-CMB |
| Eustace O. Uku, | ) |
|     **Debtor,** | ) **Chapter** 7 |
| **v.** | ) |
| Eustace O. Uku, | ) **Related Doc. No.** 333-331 |
|     **Movant,** | ) **Hearing Date:** 12/19/24 @ 1:30 p.m. |
| Charles A. Knoll, | ) **Response Due** 11/18/24 |
|     **Creditor.** | ) **Document No.** |

### RESPONSE TO OBJECTION TO DEBTOR'S CONVERSION TO CHAPTER 7 AND REQUEST TO DISMISS CASE WITH PREJUDICE

**AND NOW**, comes the Debtor, Eustace O. Uku, by and through his attorneys Donald Calaiaro and Calaiaro Valencik and respectfully files this Response to the Knoll's objection to conversion and request to dismiss case with prejudice, and presents the following:

1. It is admitted that Eustace O. Uku filed a chapter 13 bankruptcy and chapter 13 plan at case 20-21650-CMB. The Debtor denies the balance of the allegations in paragraph 1. Brian Bleasdale was the Debtor's attorney.

2. Admitted.

3. Denied. The case continued through January 27, 2021, when it was dismissed without prejudice.

4. It is admitted that Eustace O. Uku filed this bankruptcy with current counsel to attempt to reorganize and sell some real estate. It is significant to note that the Debtor made every chapter 13 plan payment required by his interim chapter 13 plan.

5. Denied as stated. The Debtor maintained that Knoll was undersecured. The Debtor proposed to sell jointly owned real estate and use the proceeds to pay down the

secured claims, including the claims of Knoll. Knoll did not understand that, as an undersecured creditor, he had no right to accrue post-bankruptcy interest or attorney's fees. Knoll never requested and was not awarded adequate protection payments. Knoll was paid several hundred thousand dollars from that sale of jointly owned property.

6. Admitted. The parties obtained appraisals which were disputed by each party. The Debtor tried to resolve the valuation issue in the context of settling the non-dischargeable litigation. All efforts to resolve the dispute failed and the Debtor filed an adversary action to determine the extent the knoll claim is secured.

7. Knoll has the right to harbor beliefs that are in his interest, the Debtor has rights to retain the house, his exemption, and the duty to represent the estate's interest. After four years of extensive litigation, the Debtor elected to convert to a chapter 11 and pay the Knoll secured claim over 10 years. Then, Debtor's health failed, and he realized his ability to retain the property could not be continued in good faith. He elected to seek a chapter 11 plan which would provide for the sale of real estate to deal with ALL creditors' claims.

8. It is admitted that an amended plan was filed, the extent which Knoll was secured was still at issue and the Debtor has no obligation to value the collateral at any value different from the value on the commencement of the case.

9. Admitted.

10. Denied as stated, the chapter 13 trustee observed that the Debtor, despite his payment of every plan payment and his willingness to increase his plan payments was not able to propose a feasible plan to pay the secured claim over the remainder of the

five years in the chapter 13 case. After discussions with counsel, the Debtor believed that he could pay the secured claim of Knoll over 10 years under a chapter 11 plan.

11. It is admitted that the Debtor filed a motion to convert to a chapter 11. After some conferences with the Court, the Court requested a summary of the chapter 11 plan to be filed. Between the original motion to convert and the Debtor's compliance with the filing of a summary of the Plan, the Debtor became seriously ill, and it became apparent that he could not propose a feasible plan to retain his real estate. The Debtor then filed a liquidating plan, which paid Knoll his secured claim, as of the commencement of the case, retained his exemption and shared any appreciation of value of his exempt real estate with unsecured creditors.

12. Admitted.

13. Knoll requested documentation in support of his belief that the Debtor was concealing assets. The Debtor produced whatever documents he could produce while he was hospitalized.

14. Denied as stated. The Debtor did not believe that information regarding his plan funding from three years prior was relevant to the conversion issue, he also explained that his hospitalization limited his ability to produce all requested documents. The Debtor produced whatever documents he could while in the hospital.

15. The Debtor still is unable to produce documents while hospitalized. Some documents just do not exist.

16. Admitted.

17. The Debtor believed that he had a right to convert to a chapter 7 bankruptcy and filed a motion to convert.

18. Denied as stated. The Debtor made every payment required to be paid to the chapter 13 trustee, he sold jointly owned real estate that brought in excess of one million dollars to pay secured creditors including Knoll. The Debtor had to file a chapter 13 plan which met the requirements of the Bankruptcy Code. The Debtor has no obligation to waive his exemption or forego section 506 of the Bankruptcy Code so that Knoll can continue to accrue post-bankruptcy interest and fees at the cost to the estate.

19. Denied. There is a continuing dispute as to the extent that Knoll was secured in 2021.

20. Admitted. The Debtor is not required to accede any appreciation on value to the secured creditor.

21. Denied.

22. Denied as stated. Knoll believes that the bankruptcy is a process that serves his interest to the detriment of the Debtor's exemptions and the rights of the estate and unsecured creditors.

23. The Debtor realized he could no longer retain his home and he wanted to put an end to the ceaseless litigation with Knoll.

24. There is still a dispute under 11 U.S.C. 506 against the Knoll secured claim.

25. Denied as stated the chapter 13 trustee observed that the Debtor was not able to propose a feasible plan to pay the secured claim over the remainder of the five years in the chapter 13 case.

26. Denied. The Debtor has made every payment to the chapter 13 trustee and attempted to negotiate and mediate with Knoll to find a resolution.

27. The motion does not set out a ground to deny the Debtor's right to convert the case to a chapter 7 and realize his exemption. The pleading does not set forth any valid grounds to dismiss a case after four years of making payments and paying Knoll hundreds of thousands of dollars.

**WHEREFORE**, the Debtor asks that this Court to deny the Motion to Dismiss and decline the other relief requested by Charles Knoll.

**Respectfully Submitted,**

**Dated:** November 18, 2024    **CALAIARO VALENCIK**

**BY:** /s/ Donald R. Calaiaro
**Donald R. Calaiaro, Esquire    PA ID 27538**

**938 Penn Avenue, Suite 501**
**Pittsburgh, PA  15222-3708**
**Phone:** (412) 232-0930
**Fax:** (412) 232-3858
**Email:** dcalaiaro@c-vlaw.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE:** | ) **Case No.** 21-21712-CMB |
| Eustace O. Uku, | ) |
| **Debtor,** | ) **Chapter** 7 |
| **v.** | ) |
| Eustace O. Uku, | ) **Related Doc. No.** 333-331 |
| **Movant,** | ) **Hearing Date:** 12/19/24 @ 1:30 p.m. |
| Charles A. Knoll, | ) **Response Due** 11/18/24 |
| **Creditor.** | ) **Document No.** |

### CERTIFICATE OF SERIVCE OF Response to Objection to Debtor's Conversion to Chapter 7 and Request to Dismiss Case with Prejudice

I certify under penalty of perjury that I served the above captioned pleading on the parties at the addresses specified below or on the attached list on November 18, 2024.

David M. Nernberg, Counsel for Charles A. Knoll, Jr.; dmn@nernberg.com

Brian P. Cavanaugh on behalf of Trustee Brian P. Cavanaugh; bcavanaugh@tdc-law.com, PA96@ecfcbis.com

The type(s) of service made on the parties (first-class mail, electronic notification, hand delivery, or another type of service) was: Electronic Notification

If more than one method of service was employed, this certificate of service groups the parties by the type of service. For example, the names and addresses of parties served by electronic notice will be listed under the heading "Service by Electronic Notification," and those served by mail will be listed under the heading "Service by First-Class Mail."

**Executed on:** November 18, 2024    **CALAIARO VALENCIK**

/s/ Donald R. Calaiaro
**Donald R. Calaiaro, Esquire    PA ID 27538**

**938 Penn Avenue, Suite 501
Pittsburgh, PA 15222-3708
Phone:    (412) 232-0930
Fax:    (412) 232-3858
Email:    dcalaiaro@c-vlaw.com**