1593154MO15/dmn/010625/010725/dmm/010625

IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | BANKRUPTCY NO. 21-21712-CMB |
| | : | |
| EUSTACE O. UKU, | : | |
| | : | Chapter 7 |
| Debtor. | : | |
| | : | **RULE 4004** |
| EUSTACE O. UKU, | : | **MOTION FOR EXTENSION** |
| | : | **TO FILE OBJECTION TO** |
| | : | **DISCHARGE** |
| Movant. | : | **(CONSENTED BY DEBTOR** |
| | : | **AND TRUSTEE)** |
| vs. | : | |
| | : | |
| CHARLES A. KNOLL, Jr., | : | |
| | : | |
| Creditor. | : | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### RULE 4004 MOTION FOR EXTENSION TO FILE OBJECTION TO DISCHARGE (CONSENTED BY DEBTOR and TRUSTEE)

**AND NOW,** Creditor, Charles A. Knoll, Jr. by and through his counsel, David M. Nernberg and Nernberg & Associates, files this Rule 4004 Motion for Extension to File Objection to Discharge:

**Procedural History:**

1. Eustace O. Uku ("Uku") filed for bankruptcy under Chapter 13 on July 29, 2021.

2. Uku presented a plan to which Charles A. Knoll ("Knoll") objected. The main objection was that Uku valued 214 Farmington at $300,000 (well below its actual value) and did not propose any payments to Knoll.

3. Knoll filed an Adversary complaint to declare Uku's debt non-dischargeable on October 19th, 2021.

4. After objection, the parties each obtained appraisals of 214 Farmington at the Court's direction. Uku's appraisal came in at $390,000 in October of 2021 and Knoll's appraisals came in at $450,000 and $470,000 respectively.

5. Knoll continued to object to the plan.

6. After the final meeting regarding Uku's plan, the Trustee motioned the Court to convert the case to a Chapter 7 or dismiss the case because of Uku's inability and unwillingness to propose any plan that could satisfy Chapter 13 requirements.

7. On August 2, 2024 Uku filed a Motion to Convert his case to a Chapter 11, sell 214 Farmington and cram down Knoll's lien.

8. This Court ordered an evidentiary hearing scheduled for September 10, 2024 and continued to October 24, 2024. (Continued for the purpose of accommodating an in-person appearance by Uku and Knoll).

9. Knoll requested that Uku produce certain documents and evidence as it relates to Uku's good faith in the bankruptcy.

10. The day prior to the evidentiary hearing, Uku filed a notice of Conversion to Chapter 7.

11. A 241 Creditor's meeting was scheduled for December 09th, 2024, which was cancelled because Uku could not attend.

12. Knoll filed a motion to dismiss Uku's bankruptcy which was denied without prejudice on December 19th, 2024. In addition, the Court acknowledged that Uku has a continuing obligation to produce the documents ordered previously and that the Trustee should investigate Uku's conduct during the bankruptcy proceeding, his assets and income related thereto relating to both his business operations (legal business), financial holdings, gifts and his

2

undertaking of more debt while subject to bankruptcy. Furthermore, the Court acknowledged that a Creditor's meeting was a necessary step.

13. The Court also continued the status conference on Knoll's Adversary Action until and requested the Trustee and the parties to work together to finalize the listing and sale of 241 Farmington Road. Once that is accomplished, the Court and the Parties will be able to determine the funds in the Estate. This will likely dictate how the Parties and the Court move forward with their respective Adversary Actions and the bankruptcy administration.

14. The 241 Creditors' meeting was rescheduled for January 6, 2025 which was again cancelled the day prior due to Uku's medical condition (with notice by Uku's Counsel). It is currently rescheduled for February 3, 2025.

**Knoll Should be Granted An Extension to File an Objection to Discharge:**

15. Knoll intends to question Uku at the Creditors' meeting regarding his good faith, assets, income and other related matters.

16. It is believed that the Chapter 7 Trustee intends to question Uku regarding the same subject matter and will conduct an investigation into the same.

17. Uku has yet to produce some of the documents and information ordered by this Court and it is unknown when such will be produced.

18. To determine whether to and the grounds for any objection to discharge Uku should be subject to a Creditors' meeting to which Knoll can attend and Uku should be required to produce the required documents.

19. Further, Knoll's Adversary Action remains outstanding and if successful, will likely not require Knoll to object to discharge as the debt to Knoll will not be discharged.

20. Given the status of the Sale of Farmington Road, the Adversary Actions, Creditors' Meeting and production of documents, Knoll requests an extension to file any objection to discharge until such are resolved and completed.

21. The Trustee, Brian Cavanaugh and Uku by Counsel consent to this relief.

                Respectfully Submitted,
                MAURICE A. NERNBERG & ASSOCIATES

Date: January 14, 2025        By: /s/ *David M. Nernberg*
                David M. Nernberg
                Pa. I.D. No. 205631

                Maurice A. Nernberg & Associates
                301 Smithfield Street
                Pittsburgh, PA 15222
                (412) 232-0334
                dmn@nernberg.com

                Counsel for Charles A. Knoll, Jr.

IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | BANKRUPTCY NO. 21-21712-CMB |
| | : | |
| EUSTACE O. UKU, | : | |
| | : | Chapter 13 |
| Debtor. | : | |
| | : | |
| EUSTACE O. UKU, | : | |
| | : | |
| Movant. | : | |
| | : | |
| vs. | : | |
| | : | |
| CHARLES A. KNOLL, Jr., | : | |
| | : | |
| Creditor. | : | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## **ORDER OF COURT**

**AND NOW,** to-wit, this ___ day of _____, 2025, upon Request of the Creditor, Charles A. Knoll, Jr., it is **ORDERED** that: The time period in which to file any Objection to Discharge is extended until the resolution of the Adversary Action filed at 21-02104-CMB.

By the Court,

_____
Honorable Carlota M. Böhm
United States Bankruptcy Judge