**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE:** ) | **Bankruptcy Case No.** 21-21712-CMB |
| Eustace O. Uku, ) | |
| **Debtor,** ) | **Chapter** 7 |
| ) | |
| Kyra E. Knoll, Administrator of the ) | **Hearing Date:** September 30, 2025 @ 2:30 p.m. |
| Estate of Creditor Charles A. Knoll, Jr., ) | |
| **Movant,** ) | **Responses Due:** September 22, 2025 |
| vs. ) | |
| Eustace O. Uku, ) | |
| **Respondent.** ) | |

**RESPONSE TO MOTION TO HOLD DEBTOR IN CONTEMPT, VOID EXEMPTIONS AND PRODUCE DOCUMENTS RELATED TO INCOME**

**AND NOW** comes the Debtor, Eustace O. Uku, by and through his counsel, Calaiaro Valencik, and provide the following Response to the *Motion to Hold Debtor in Contempt, Void Exemptions and Produce Documents Related to Income* filed by Kyra E. Knoll, as Administrator of the Estate of Creditor Charles A. Knoll, Jr.:

**PRELIMINARY STATEMENT AND RESPONSE TO INTRODUCTION**

The Court is very familiar with the long-running dispute between disgruntled creditor, Knoll, and Debtor, Uku. This Motion is just the latest attack by Knoll. Behind all of the bluster are two issues raised by Knoll – (1) whether a post-petition claim filed by the Debtor is property of the estate, and (2) whether the Debtor is entitled to his rightfully claimed exemptions under 11 U.S.C. § 522. Knoll rehashes a lot of allegations but without a shred of proof as to the current matter to even satisfy the plausibility standard to state a claim.

Here are the core facts – Uku's exemptions became final as a matter of law 30 days after the 341 meeting of creditors. Knoll previously filed an Objection to Uku's

claimed exemption in one property but withdrew the Objection. Four years later, Knoll is attempting to void the exemptions altogether with no legal support and despite Third Circuit and Supreme Court precedent barring the express relief requested. See Law v. Siegel, 571 U.S. 415, 134 S.Ct. 1188, 188 L.Ed.2d 146 (2014); Taylor v. Freeland & Kronz, 938 F.2d 420 (3d. Cir. 1991), aff'd, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). Additionally, 11 U.S.C. § 348(f) expressly provides that property of the estate of a converted chapter 13 consists only of property that existed on the date of the filing of the petition. The claim at issue is clearly post-petition and therefore, not property of the estate.

Accordingly, the Court should deny the Motion outright.

1. It is admitted that the Debtor filed a bankruptcy in or around May 28, 2020. The case is dismissed, and the facts and circumstances of that bankruptcy are irrelevant to the core issues of the motion – (1) whether a post-petition claim filed by the Debtor is property of the estate, and (2) whether the Debtor is entitled to his rightfully claimed exemptions under 11 U.S.C. § 522.

2. It is admitted that Knoll filed an adversary complaint seeking that his claim was non-dischargeable in the 2020 bankruptcy. The adversary was dismissed as moot when the 2020 bankruptcy was dismissed.

3. Denied. The 2020 bankruptcy was not dismissed for failure to complete schedules. Additionally, the 2020 bankruptcy is irrelevant to the issues raised in the motion – (1) whether a post-petition claim filed by the Debtor is property of the estate, and (2) whether the Debtor is entitled to his rightfully claimed exemptions under 11 U.S.C. § 522.

4. It is admitted that Uku filed a chapter 13 bankruptcy on July 29, 2021. It is further admitted that the case was later converted to a chapter 7.

5. Denied as stated. It is admitted no chapter 13 plan was confirmed on a final basis. Final confirmation was impeded in large part by the dispute over treatment Knoll's lien and the impairment it caused to the Debtor's rightful exemption.

6. It is admitted that the Chapter 13 Trustee requested conversion or dismissal of the Debtor's case. All other allegations and conjecture are denied.

7. It is admitted that Uku filed a Motion to Convert to a Chapter 11. The Motion was not granted. All other allegations and conjecture are denied.

8. It is admitted that an evidentiary hearing was scheduled on whether to convert or dismiss the case. All other allegations and conjecture are denied.

9. Denied.

10. Denied as stated.

11. Denied.

12. It is admitted that an evidentiary hearing was scheduled on whether to convert or dismiss the case. All other allegations and conjecture are denied.

13. It is admitted that Uku filed a Notice of Conversion. The conversion was made in good faith.

14. Denied. It is admitted that, on August 7, 2025, Uku filed a writ of summons against MGT Impact Solutions, LLC t/d/b/a MGT Consulting Group in the Court of Common Pleas of Allegheny County, Pennsylvania at Case No. GD-25-008552. No pleadings have been filed. However, this is very clearly a post-petition claim. In Pennsylvania, the statute of limitations for claims brought under contract is four years.

<u>See</u> 42 Pa.C.S.A. § 5525. Tort claims are subject to a two year statute of limitations. <u>See</u> 42 Pa.C.S.A. § 5524. Assuming *arguendo* that Uku waited until the last day of the statute of limitations to file the writ of summons, the claim would have had to accrue by no later than August 7, 2021, which is after the Petition Date in the current case. Accordingly, this claim would not be property of the estate under 11 U.S.C. § 348(f) because it is post-petition.

Additionally, the last sentence of this Paragraph reveals what this is real about. This is a belated attack on final and valid exemptions. Knoll had a time and place to proceed with an Objection to Uku's exemptions but withdrew the one exemption he did file. Knoll does not cite any basis for this belated attack on Uku's exemptions nor is there any authority to support the relief Knoll is requesting.

All other allegations and conjecture are denied.

15. Denied. Neither 11 U.S.C. § 105 nor 727 provide any basis for denial of a validly claimed exemption. In fact, as the Supreme Court previously stated, "§ 522 does not give court's discretion to grant or withhold exemptions based on whatever considerations they deem appropriate." <u>Law v. Siegel</u>, 571 U.S. at 423. The fact of the matter is Uku's exemptions are valid and final. Knoll does not cite any authority in support of this belated attack on the exemptions and his request as to Uku's exemptions is contrary to the Bankruptcy Code and binding case law.

16. Denied. There is no basis to grant the relief requested by Knoll.

**WHEREFORE**, the Debtor respectfully requests that this Court deny the Motion.

**Respectfully Submitted,**

**DATED:** September 22, 2025   **CALAIARO VALENCIK**

**BY:** /s/ Andrew K. Pratt
**Andrew K. Pratt, Esq.     PA I.D. No. 328784**

**555 Grant Street, Suite 300**
**Pittsburgh, PA 15219**
**Phone:      (412) 232-0930**
**Fax:        (412) 232-3858**
**Email:      apratt@c-vlaw.com**