## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE:** | ) Bankruptcy Case No. 21-21712-CMB |
| Eustace O. Uku, | ) |
| **Debtor,** | ) Chapter 7 |
| | ) |
| Kyra E. Knoll, Administrator of the | ) Hearing Date: October 28, 2025 @ 1:30 p.m. |
| Estate of Creditor Charles A. Knoll, Jr., | ) |
| **Movant,** | ) Responses Due: October 27, 2025 |
| vs. | ) |
| Eustace O. Uku, | ) |
| **Respondent.** | ) |

### RESPONSE TO AMENDED MOTION TO HOLD DEBTOR IN CONTEMPT AND PRODUCE DOCUMENTS RELATED TO INCOME

**AND NOW** comes the Debtor, Eustace O. Uku, by and through his counsel, Calaiaro Valencik, and provide the following Response to the *Motion to Hold Debtor in Contempt and Produce Documents Related to Income* filed by Kyra E. Knoll, as Administrator of the Estate of Creditor Charles A. Knoll, Jr. [1]

### PRELIMINARY STATEMENT AND RESPONSE TO INTRODUCTION

The Court is very familiar with the long-running dispute between disgruntled creditor, Knoll, and Debtor, Uku. This Motion is just the latest attack by Knoll. Behind all of the bluster are two issues raised by Knoll – whether a post-petition claim filed by the Debtor is property of the estate. Knoll rehashes a lot of allegations but without a shred of proof as to the current matter to even satisfy the plausibility standard to state a claim.

Accordingly, the Court should deny the Motion outright.

---

[1] The Movant previously filed a motion captioned *Motion to Hold Debtor in Contempt, Void Exemptions and Produce Documents Related to Income* (Doc. 401) in which the Debtor timely responded (Doc. 408). The Movant filed an Amended Motion to remove the claim to void the Debtor's exemptions. Doc. 418. Based on the undersigns review of both the initial Motion and Amended Motion, other than removal of the request to void the exemption, the motions are identical. Accordingly, the Debtor's response has been amended to correspond with the withdrawal of such claim.

1. It is admitted that the Debtor filed a bankruptcy in or around May 28, 2020. The case is dismissed, and the facts and circumstances of that bankruptcy are irrelevant to the core issues of the motion – whether a post-petition claim filed by the Debtor is property of the estate. With respect to the MGT matter, after further discussions with the Debtor, the Debtor would not oppose the Trustee reviewing and pursuing such claim for the benefit of estate creditors and would defer to the Trustee's discretion on such matter.

2. It is admitted that Knoll filed an adversary complaint seeking that his claim was non-dischargeable in the 2020 bankruptcy. The adversary was dismissed as moot when the 2020 bankruptcy was dismissed.

3. Denied. The 2020 bankruptcy was not dismissed for failure to complete schedules. Additionally, the 2020 bankruptcy is irrelevant to the issues raised in the motion – whether a post-petition claim filed by the Debtor is property of the estate. With respect to the MGT matter, after further discussions with the Debtor, the Debtor would not oppose the Trustee reviewing and pursuing such claim for the benefit of estate creditors and would defer to the Trustee's discretion on such matter.

4. It is admitted that Uku filed a chapter 13 bankruptcy on July 29, 2021. It is further admitted that the case was later converted to a chapter 7.

5. Denied as stated. It is admitted no chapter 13 plan was confirmed on a final basis. Final confirmation was impeded in large part by the dispute over treatment Knoll's lien and the impairment it caused to the Debtor's rightful exemption.

6. It is admitted that the Chapter 13 Trustee requested conversion or dismissal of the Debtor's case. All other allegations and conjecture are denied.

7. It is admitted that Uku filed a Motion to Convert to a Chapter 11. The Motion was not granted. All other allegations and conjecture are denied.

8. It is admitted that an evidentiary hearing was scheduled on whether to convert or dismiss the case. All other allegations and conjecture are denied.

9. Denied.

10. Denied as stated.

11. Denied.

12. It is admitted that an evidentiary hearing was scheduled on whether to convert or dismiss the case. All other allegations and conjecture are denied.

13. It is admitted that Uku filed a Notice of Conversion. The conversion was made in good faith.

14. Denied. It is admitted that, on August 7, 2025, Uku filed a writ of summons against MGT Impact Solutions, LLC t/d/b/a MGT Consulting Group in the Court of Common Pleas of Allegheny County, Pennsylvania at Case No. GD-25-008552. No pleadings have been filed. Further review from documents produced by the Debtor elaborate that the underlying claim arises from a commitment letter signed between MGT and Exico, Inc. regarding a subconsultant/subcontract for a Pittsburgh Regional Disparity Study Project on October 3, 2024. At some point in time, upon information and belief, MGT was award the Disparity Study Project by the City of Pittsburgh or the requisite municipal and/or governmental authority. According to documents produced, on July 17, 2025, MGT advised that it would not be engaging Exico as a subcontractor for the project.

The commitment letter was signed prior to the conversion from chapter 13 to chapter 7. However, the potential breach did not occur until after the conversion date.

Accordingly, this creates an issue regarding whether this is property of the estate or could be part of the expanded property of the estate under 11 U.S.C. § 348(f). Notwithstanding, if it is property of the estate, the Debtor will not oppose the Trustee reviewing and determining whether to pursue the claim for the benefit of creditors.

All other allegations and conjecture are denied.

15. Denied as stated. Procedurally, a denial of discharge must be brought through adversary proceeding. See Fed.R.Bankr.P. 7001(d).

16. Denied.

**WHEREFORE**, the Debtor respectfully requests that this Court deny the Motion.

**Respectfully Submitted,**

**DATED:** October 27, 2025        **CALAIARO VALENCIK**

**BY:** /s/ Andrew K. Pratt
**Andrew K. Pratt, Esq.    PA I.D. No. 328784**

**555 Grant Street, Suite 300**
**Pittsburgh, PA 15219**
**Phone:** (412) 232-0930
**Fax:** (412) 232-3858
**Email:** apratt@c-vlaw.com