# IN THE UNTIED STATES BANKRUPTCY COURT FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy Case No. 21-21712-CMB |
| | ) | |
| EUSTACE O. UKU, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | The Honorable Carlota M. Böhm |
| _____ | ) | |
| | ) | Related Doc. Nos. 431, 432, 435 & 439 |
| CRYSTAL H. THORNTON-ILLAR, | ) | |
| Chapter 7 Trustee, | ) | Hearing Date & Time: |
| | ) | **December 2, 2025 at 1:30 p.m.** |
| Movant, | ) | |
| | ) | Response Deadline: |
| v. | ) | **November 24, 2025** |
| | ) | |
| DEUTSCHE BANK NATIONAL TRUST | ) | |
| COMPANY AS INDENTURE TRUSTEE | ) | |
| FOR NEW CENTURY HOME EQUITY | ) | |
| LOAN TRUST 2004, KYRA E. KNOLL, | ) | |
| Administrator of the ESTATE OF | ) | |
| CHARLES A. KNOLL, JR., | ) | |
| PENNSYLVANIA DEPT. OF REVENUE, | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| TOWNSHIP OF O'HARA, FOX CHAPEL | ) | |
| AREA SCHOOL DISTRICT, FOX | ) | |
| CHAPEL AUTHORITY, | ) | |
| HAMPTON/SHALER WATER | ) | |
| AUTHORITY, ALLEGHENY COUNTY, | ) | |
| JORDAN TAX SERVICE, INC., and | ) | |
| KEYSTONE COLLECTION GROUP, | ) | |
| | ) | |
| Respondents. | ) | |
| . | ) | |

## ORDER CONFIRMING SALE OF REAL PROPERTY
## FREE AND DIVESTED OF LIENS

AND NOW, this _____ day of _____ 2025, upon consideration of the Chapter 7 Trustee's Motion for Sale of Real Property and Fixtures Free and Clear of Third-Party Interests, Liens, Claim, Charges and Encumbrances Pursuant to 11 U.S.C. § 363(b) (the "Sale

Motion")[1] filed at Document No. 431 after hearing held in the Bankruptcy Courtroom B 54th Floor, U.S. Steel Building, 600 Grant Street, Pittsburgh, PA 15219, the Court finds:

(1) Service of the Sale Motion, the Notice of Hearing, and the Notice of Sale were proper, and no further notice of the sale hearing is required.

(2) That said sale hearing was duly advertised on the Court's website pursuant to W. PA LBR 6004-1(c)(2) on November 25, 2025, in the Post-Gazette on November 20, 2025 and in the Pittsburgh Legal Journal on November 20, 2025, as shown by the Proof of Publications duly filed.

(3) That at the sale hearing the highest/best offer received was that of Bradley Dehart and Lindsey Gray (the "Purchasers"), and no objections to the sale were made, which would result in cancellation of said sale.

(4) That the price of $440,000 offered by the Purchasers was a full and fair price for Real Property.

(5) That the Purchaser(s) has acted in good faith with respect to the within sale in accordance with *In re Abbotts Dairies of Pennsylvania, Inc.,* 788 F2d. 143 (3d Cir. 1986).

**NOW THEREFORE**, it is hereby **ORDERED, ADJUDGED AND DECREED** that the sale by Special Warranty deed of the real property having an address of 214 Farmington Road, Pittsburgh, Pennsylvania 15215, Tax ID/Parcel No. 0224-R-00070-0000-00 (the "Real Property") is hereby **CONFIRMED** to Bradley Dehart and Lindsey Gray for $440,000 free and divested of all liens and claims, and, that Crystal H. Thornton-Illar, the Chapter 7 Trustee of the estate of Eustace Uku is authorized to make, execute and deliver to the Purchasers the necessary deed and/or

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Sale Motion.

other documents required to transfer the Debtor's interest in the Real Property purchased pursuant to the terms of sale;

It is **FURTHER ORDERED, ADJUDGED AND DECREED** that the liens and claims, be, and they hereby are, transferred to the proceeds of sale, if and to the extent they may be determined to be valid liens against the Real Property, that the within decreed sale shall be free, clear and divested of all liens and claims;

It is **FURTHER ORDERED, ADJUDGED AND DECREED**, that the sale proceeds shall be disbursed as follow at closing:

    a. All closing costs, including the Debtor's share of the transfer taxes;
    b. Amounts advanced pursuant to the Financing Order in total amount of $13,690;
    c. The current year and delinquent, if any, real estate taxes, water and sewer charges in the approximate amount of $10,000;
    d. The Real Estate Agent's commission of the offered purchase price, which is $15,795;
    e. They Buyer's real estate agent's commission in the amount of $11,000;
    f. The Mortgage payoff to Deutsche Bank, in the approximate amount of $200,000;
    g. The remaining proceeds will be paid to the Trustee on behalf of the Debtor's estate and will be distributed pursuant to further order of Court.

It is **FURTHER ORDERED, ADJUDGED AND DECREED** that the Real Estate Agent's commission owed to Elias Pappan in the amount of $15,795 is hereby approved and no further fee application or fee order is required.

It is **FURTHER ORDERED, ADJUDGED AND DECREED**

(1) Within seven (7) days of the date of this Order, the Trustee shall serve a copy of the within Order on each Respondent/Defendant (*i.e.*, each party against whom relief is sought) and its attorney of record, if any, upon any attorney or party who answered the motion or appeared at the hearing, the attorney for the debtor, the

3

        Closing Agent, the Purchaser, and the attorney for the Purchaser, if any, and file a certificate of service.

(2) Closing shall occur within sixty (60) days of the date of this Order unless otherwise agreed by the Trustee and the Purchaser;

(3) Within fourteen (14) days following closing, the Chapter 7 Trustee shall file a Report of Sale;

(4) The stay provided for in Fed. Rule Bank. Pro. 6004(h) and 6006(d) is waived, and the Parties are authorized to immediately consummate the transactions approved in this Sale Order.

(5) To the extent there is a discrepancy or conflict with the terms of the Sale Motion, the Contract of Sale or other related documents, the terms of this Sale Order shall control.

(6) This Sale Order survives any dismissal or conversion of this Bankruptcy Case.

BY THE COURT:

Dated: _____, 2025

_____J.
Honorable Carlota M. Böhm
United States Bankruptcy Judge